**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTA J. SANTOS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br><br>K. HOLLAND,<br><br>　　　　Respondent. | Case No. 1:14-cv-01929-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO STATE A COGNIZABLE CLAIM (DOC. 1), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on December 5, 2014.

I.   <u>Screening the Petition</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484,

1

1   1499 (9th Cir. 1997).

2       Rule 4 of the Rules Governing § 2254 Cases in the United States

3   District Courts (Habeas Rules) requires the Court to make a

4   preliminary review of each petition for writ of habeas corpus.  The

5   Court must summarily dismiss a petition "[i]f it plainly appears

6   from the petition and any attached exhibits that the petitioner is

7   not entitled to relief in the district court...." Habeas Rule 4;

8   O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also

9   Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule

10  2(c) requires that a petition 1) specify all grounds of relief

11  available to the Petitioner; 2) state the facts supporting each

12  ground; and 3) state the relief requested.  Notice pleading is not

13  sufficient; rather, the petition must state facts that point to a

14  real possibility of constitutional error.  Rule 4, Advisory

15  Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420

16  (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).

17  Allegations in a petition that are vague, conclusory, patently

18  frivolous or false, or palpably incredible are subject to summary

19  dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

20      The Court may dismiss a petition for writ of habeas corpus

21  either on its own motion under Habeas Rule 4, pursuant to the

22  respondent's motion to dismiss, or after an answer to the petition

23  has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976

24  Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir.

25  2001).  However, a petition for habeas corpus should not be

26  dismissed without leave to amend unless it appears that no tenable

27  claim for relief can be pleaded were such leave granted.  Jarvis v.

28  Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

2

Petitioner alleges he is an inmate of the California Correctional Institution at Tehachapi, California (CCIT), serving a life sentence. (Pet., doc. 1 at 1, 22.) Petitioner challenges the forfeiture of 360 days of time credit that he suffered as a sanction in a prison disciplinary proceeding in which Petitioner was found to have battered an inmate with a weapon on October 9, 2010. (Id. at 8-31.) Petitioner raises the following claims in the petition: 1) Petitioner's Eighth Amendment right was violated when Petitioner was deprived of the right to present witnesses and documentary evidence at the disciplinary hearing without any explanation; 2) Petitioner's right to a fair hearing was violated by the failure of an investigative employee to discover the unreliability of confidential information relied upon by the adjudicator; 3) Petitioner's protected liberty interest and right to due process of law were violated by the finding that Petitioner was guilty of the misconduct because the evidence on which it was based was unreliable; and 4) the state superior court erred in failing to grant Petitioner an evidentiary hearing to determine the reliability of the confidential information. (Id. at 8-22.)

II.   Background

The reporting officer stated that a confidential informant reported that on October 9, 2010, after Petitioner had approached the victim, Torres, and had spoken with Torres briefly, Petitioner slashed at his neck and chest with a weapon. Petitioner ran to another area, where he was battered by three other inmates in retaliation for having attacked Torres. (Pet., doc. 1 at 31.) The state court that issued a decision concerning the reliability of the

confidential informant stated the confidential informant incriminated himself.  (Id. at 53.)

Although Torres apparently tried to hide his injuries and stitched himself up, a medical examination of Torres' body performed the following day showed injuries consistent with the confidential information, including two cuts on his neck and one cut on his right front chest area.  (Id. at 32-35.)  All inmates and areas were searched, but no weapon was found; no officer observed the stabbing of Torres.  Torres stated that he had cut himself shaving.  At the hearing, Petitioner said that he was playing soccer or was near the canteen with his cellmate, Hernandez, and did not see the victim that day.  (Id. at 31-39, 53-55.)

The state court upheld as supported by some evidence the hearing officer's finding that Petitioner had battered inmate Torres based on the confidential information, which incriminated the confidential informant and was corroborated by the other three inmates' retaliatory attack on Petitioner.  The victim's explanation was rejected as inconsistent with the physical evidence, which reflected multiple slashes on the neck and one on the chest which did not correspond with the victim's shaving story; it was also understandable that the victim was reluctant to come forward.  (Id. at 53-61.)  The information from the confidential informant met state standards of reliability because it was self-incriminating; to have revealed more information could have endangered the source.  (Id. at 60.)

III.  Denial of Witnesses

Petitioner contends his rights under the Eighth Amendment were violated when Petitioner was deprived of the right to present

4

witnesses and documentary evidence at the disciplinary hearing
without any explanation.

A.   Factual Summary

The documentation attached to the petition reflects that
Petitioner initially requested the presence of the reporting
officer, Palmer; Officer Durazo; the three inmates Petitioner
alleged had assaulted him, including inmates Avila, Nava, and
Guerrero; the victim, Torres; and Petitioner's cellmate, Hernandez.
(Pet., doc. 1 at 60-61.)  Petitioner waived the presence of Officer
Palmer.  (Id. at 55.)  The hearing officer questioned Torres and
Avila, who refused to answer any questions.  Other questioning was
accomplished by telephone.  Nava and Guerrero were questioned and
responded that neither saw any arguing between Petitioner and the
victim, Petitioner attacking another inmate, Petitioner holding a
weapon, or the victim bleeding; they denied seeing anything.  (Id.
at 60-61.) Neither Hernandez nor Officer Durazo saw any argument or
other contact between Petitioner and the victim.  (Id. at 61.)

B.   Analysis

The Due Process Clause is the source of procedural protections
applicable to prison disciplinary hearings.  Procedural due process
requires that where the state has made conduct credit subject to
forfeiture only for serious misbehavior, prisoners subject to a loss
of conduct credits must be given advance written notice of the
claimed violation, a right to call witnesses and present documentary
evidence where it would not be unduly hazardous to institutional
safety or correctional goals, and a written statement of the finder
of fact as to the evidence relied upon and the reasons for
disciplinary action taken.  Wolff v. McDonnell, 418 U.S. 539, 563-64

(1974).  If the inmate is illiterate, or the issue so complex that it is unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, the inmate should have access to help from staff or a sufficiently competent inmate designated by the staff.  However, confrontation, cross-examination, and counsel are not required.  Wolff, 418 U.S. at 568-70.

The right to call witnesses and to present evidence at a disciplinary hearing is limited by the prison authorities' discretion concerning undue hazards to institutional safety or correctional goals.  Wolff v. McDonnell, 418 U.S. at 563-64.  The right to call witnesses is circumscribed by the necessary mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application.  A disciplinary authority may decline to allow an inmate to call a witness for irrelevance, lack of necessity, or hazards presented in individual cases.  Baxter v. Palmigiano, 425 U.S. 308, 321 (1976).  A prison disciplinary hearing officer's decision that an inmate's request to call witnesses may properly be denied as irrelevant, unnecessary, unduly prolonging the hearing, or jeopardizing of prison safety, is entitled to deference from the Court.  See, Wolff v. McDonnell, 418 U.S. at 563-64; Ponte v. Real, 471 U.S. 491, 497-98 (1985); Neal v. Shimoda, 131 F.3d 818, 831 (9th Cir. 1997); Zimmerlee v. Keeney, 831 F.2d 183, 187 (9th Cir. 1987).

Here, the hearing officer questioned all requested witnesses and was not responsible for the two inmates' refusal to answer questions.  There is no showing that questioning the other witnesses by telephone was arbitrary or unreasonable under the circumstances,

or that it had any effect on the fairness or integrity of the proceedings.  In short, it does not appear that a specific request of Petitioner to present specific evidence was denied.  This is not a situation in which a duty to include an explanation in the record arises from the denial of a specific request to present a witness. Cf. Ponte v. Real, 471 U.S. at 497.

In summary, with respect to his right to call witnesses and produce evidence, Petitioner has not shown a denial of due process.

IV.   Reliance on Information from a Confidential Informant

Petitioner raises several related claims concerning the use in the disciplinary proceeding of information from a confidential informant.

A.   Investigative Employee's Lack of Access

Petitioner alleges his right to a fair hearing was violated by the failure of an investigative employee to discover the unreliability of confidential information from an unidentified informant that was relied upon by the reporting officer and hearing officer.  Petitioner in effect argues that a staff assistant in the form of an investigative employee acting on Petitioner's behalf should have been able to confront and interview the informant to determine his reliability, which was critical to Petitioner's defense to the disciplinary charge.

Access to information from confidential informants is a matter intertwined with the security of the inmates and the institution and, as such, is largely within the purview of the prison administrators.  Here, considering the violent and retaliatory nature of the conduct of the Petitioner and of the other inmates, it was reasonable to apprehend danger to the source if additional

information were revealed.  Further, more generally, as a policy matter, granting the right to confront and interview confidential informants to investigators acting on behalf of accused inmates might well discourage informants from stepping forward.  The confidential information was strongly corroborated by independent evidence, including the injuries to the victim, the inconsistency of the victim's injuries with the victim's explanation of how he was injured, and Petitioner's assault by three inmates in retaliation for Petitioner's slashing the victim.  The record also indicates that the informant incriminated himself in the course of reporting his information, which tends to indicate reliability.

     In sum, Petitioner has not shown how lack of his investigator's access to a confidential informant prejudiced him.  In general, a failure to meet a prison guideline regarding a disciplinary hearing would not alone constitute a denial of due process.  See Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989).  The Court notes that several courts have concluded that to establish a denial of due process of law, prejudice is generally required.  See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (proceeding pursuant to 28 U.S.C. § 2254); see also Tien v. Sisto, Civ. No. 2:07 cv-02436-VAP (HC), 2010 WL 1236308, at *4 (E.D.Cal. Mar. 26, 2010) (recognizing that while neither the United States Supreme Court nor the Ninth Circuit Court of Appeals has spoken on the issue, numerous federal Courts of Appeals, as well as courts in this district, have held that a prisoner must show prejudice to state a habeas claim based on an alleged due process violation in a disciplinary proceeding; see also Smith v. United States Parole Commission, 875 F.2d 1361, 1368-69 (9th Cir. 1989); Standlee v. Rhay, 557 F.2d 1303, 1307-08 (9th

Cir. 1977).  Petitioner has not shown that he was denied a fair hearing.

Accordingly, it will be recommended that the Court deny Petitioner's claim that barring investigative access to the confidential informant violated his right to a fair hearing.

### B.   Challenge to the Sufficiency of the Evidence Supporting the Disciplinary Finding

Petitioner alleges that his protected liberty interest and right to due process of law were violated by the finding that he was guilty of the misconduct because the evidence on which it was based was unreliable.  Petitioner's challenge appears to be primarily to the use of the information from the confidential informant.

Where conduct credits are a protected liberty interest, the decision to revoke credits must be supported by some evidence in the record.  Superintendent v. Hill, 472 U.S. 445, 454 (1985).  The Court in Hill stated:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S., at 106, 47 S.Ct., at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See ibid.; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133-134, 44 S.Ct. 260, 260-261, 68 L.Ed. 590 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (CA8 1974).

Superintendent v. Hill, 472 U.S. at 455-56.  The Constitution does not require that the evidence logically preclude any conclusion other than that reached by the disciplinary board; rather, there need only be some evidence in order to ensure that there was some basis in fact for the decision.  Superintendent v. Hill, 472 U.S. at 457.

Here, although the confidential informant's information was one basis of the finding, the hearing officer relied on other independent evidence.  The victim, who was obviously reluctant to report his injuries let alone accuse another inmate of inflicting them, suffered injuries consistent with the confidential report but inconsistent with the victim's own explanation.  Three inmates assaulted Petitioner in apparent retaliation for his attack on the victim.  Finally, the confidential informant's information incriminated the informant and thus was reliable according to established state standards.  The decision was supported by some evidence.

Accordingly, it will be recommended that the Court deny Petitioner's due process challenge to the use of the confidential information to support the disciplinary finding.

C.  Failure to Afford Petitioner an Evidentiary Hearing

Petitioner argues that the state superior court erred in failing to grant Petitioner an evidentiary hearing to determine the reliability of the confidential informant.

Petitioner appears to contend that pursuant to 28 U.S.C. § 2254(d)(2), the state court's conclusion was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Section 2254(d)(2) applies

10

where the process of the state court is claimed to have been defective.  Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004).  To determine that a state court's fact finding process is defective in some material way or non-existent, a federal habeas court must be satisfied that any appellate court to whom the defect is pointed out would be unreasonable in holding that the state court's fact finding process was adequate.  Taylor v. Maddox, 366 F.3d at 1000.

Here, the record of the disciplinary proceeding itself reflected that the confidential information was substantially corroborated by physical evidence of the wounds to the victim and the retaliatory assault on Petitioner.  It was not necessary for the state court to engage in discovery or weigh the evidence because the quantum of evidence required by due process was the relatively low standard of "some evidence," which the confidential informant's information and the independent corroborating evidence easily satisfied.  It was not unreasonable for an appellate court to conclude that the state's fact finding process was adequate.  Accordingly, it will be recommended that the Court deny Petitioner's claim that the state court improperly failed to provide Petitioner an evidentiary hearing on the issue of the reliability of the confidential informant.

In sum, Petitioner has not alleged facts that point to a real possibility of constitutional error, and the documentation submitted in support of the petition forecloses relief on Petitioner's claims. It will be recommended that the petition be dismissed without leave to amend for failure to state a cognizable claim.

///

V.   <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  <u>Id.</u>  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

12

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

VI.   <u>Recommendations</u>

Based on the foregoing, it is RECOMMENDED that:

1)   The petition for writ of habeas corpus be DISMISSED without leave to amend for failure to state a cognizable claim;

2)   The Court DECLINE to issue a certificate of appealability; and

3)   The Clerk be DIRECTED to close the action because dismissal would terminate the proceeding in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing

13

1  _Baxter v. Sullivan_, 923 F.2d 1391, 1394 (9th Cir. 1991)).

2

3

4  IT IS SO ORDERED.

5     Dated:   **February 19, 2015**              **/s/ Sheila K. Oberto**

6                                          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14